IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     **CASE NO. 1:CR-08-435-01**
:
:
**v.**     :
:
**DAMON TODD CAREY**     :

# **M E M O R A N D U M**

## I.  **Background**

Before the court is a motion filed by Defendant Damon Todd Carey entitled "Motion for Relief" filed pursuant to Federal Rule of Civil Procedure 60(b)(6) and (b)(1) (Doc. 119).  Carey seeks relief from judgment based on his claim that his "counsel was clearly inadvertent in his representation" and that this court lacked jurisdiction to try him because he was a juvenile during the time period of the allegations in the indictment.  (*Id.* at p. 2.)  Carey claims that his prosecution was in violation of 18 U.S.C. § 5032, the Juvenile Delinquence Act.

## II.  **Discussion**

### A.  **28 U.S.C. § 2255**

To the extent that Carey's motion should be interpreted to be a motion filed pursuant to 28 U.S.C. § 2255, it is untimely.  Carey was sentenced on September 2, 2009 and his judgment was entered on September 3, 2009.  No direct appeal was taken.  Any motion filed pursuant to 28 U.S.C. § 2255 was due on or

before September 2, 2010.[1]  *See* 28 U.S.C. § 2255(f)(1).  Furthermore, the fact that the juvenile Delinquency Act was in effect in 2008, precludes any argument that he only recently became aware of the statute.

### B.  Federal Rule of Civil Procedure 60(b)(1) & (6)

Carey claims relief under Federal Rule of Civil Procedure 60(b)(1) & (6).  Under 60(b)(1), the time for filing is no more than a year after the entry of judgment.  *See* Rule 60(c)(1).  Thus, granting relief under 60(b)(1) will be denied as untimely.

Under 60(b)(6), the motion must be within a "reasonable time."  In *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342 (3d Cir. 1987), the court held that two years was not a "reasonable time."  *Id.* at 1348.  In the instant case, it has taken Carey four years and ten months, since the date of the imposition of sentence, to raise an issue that has or should have been known to him.  The motion under Rule 60(b)(6) is also untimely.

### C.  Merits of Motion

To the extent that judicial minds might disagree on the timeliness of the motion, this court will address the merits of Carey's claim.  The standard for granting a Rule 60(b)(6) motion is a high one and the movant must show "extraordinary circumstances" to justify reopening a final judgment.  *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005).  With this standard in mind, the court will address the issue raised by Carey: a violation of the Juvenile Delinquence Act.

---

[1] On August 27, 2010, Carey did file a motion under 28 U.S.C. § 2255 (Doc. 82); however, on September 8, 2010, he withdrew the motion (Doc. 84).  Thus, this instant motion, if deemed to be filed pursuant to 28 U.S.C. § 2255, would not be a second or successive motion.

The Indictment subject to attack charged in Count 1 a conspiracy to distribute and possession with intent to distribute cocaine base and in Count 2 actual distribution and possession with intent to distribute cocaine base. The Indictment in both counts contained the following language: "From on or before September 1, 2007, the exact date being unknown to the Grand Jury, and continuing to on or about March 8, 2008 . . . ." (Doc. 1.) Carey's birth date is October 23, 1989. He is claiming that the inception of the offense began when he was 16 and, therefore, his prosecution had to come under 18 U.S.C. § 5032. Carey further claims that this court was without jurisdiction to have the prosecution go forward.

The Indictment was not filed until December 10, 2008, at which time Carey was 18 years of age. In fact, Carey plead to count 2, actual distribution and possession with intent to distribute cocaine base. The actual dates of distribution or aiding and abetting in the distribution occurred in February 2008 and March 2008, precisely February 5, 2008, February 6, 2008, February 21, 2008, and March 8, 2008, at which time Carey was 18 years old. He acknowledged these facts at his guilty plea hearing on April 29, 2009.

The Juvenile Delinquence Act does not apply to Carey. He was not a juvenile at the time the Indictment was filed and had not been charged with committing an act of juvenile delinquency. *United States v. Delatorre*, 157 F.3d 1205 (10th Cir. 1968), *cert. denied*, 525 U.S. 1180 (1999). Furthermore, the acts for which Carey was charged occurred when he was an adult.

**III.**     **Conclusion**

For the reasons stated above, the motion for relief will be denied. An appropriate order will be issued.

                                                                s/Sylvia H. Rambo
                                                                United States District Judge

Dated:  July 14, 2014.