IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     **CASE NO. 1:CR-08-435-01**
:
        **v.**     :
:
**DAMON TODD CAREY**     :

## **M E M O R A N D U M**

**I.**     **Procedural Background**

Before the court is a motion filed by Defendant Damon Todd Carey pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. The petition raises issues alleging incompetency of trial counsel. This petition was initially filed in the Office of the Clerk of Court for the Middle District of Pennsylvania. The Clerk of Court transferred the motion to the United States Court of Appeals for the Third Circuit, presumably because petition used that court in the caption of the petition. By order of the Third Circuit Court of Appeals dated June 8, 2015 (Doc. 126), the clerk of the district court was ordered to transfer the § 2255 petition (Doc. 126-3) to the undersigned for consideration.

Carey was indicted and pled guilty to distribution and possession with intent to distribute 50 grams or more of crack cocaine. A judgment of conviction was entered on September 3, 2009.

On August 28, 2010, Carey filed a motion pursuant to 28 U.S.C. § 2255 (Doc. 82). Thereafter, Carey was issued an advisory order and given a Notice of

Election pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). Carey withdrew this motion on September 8, 2010 (Doc. 84).

On July 9, 2014, Carey filed a motion for relief pursuant to Federal Rule of Civil Procedure 6 (b)(1) and (b)(6). That motion was addressed as a Rule 60 motion and was dismissed on the merits.[1]

This court was not aware of the filing of Doc. 126-3 because of the transfer of that document to the Third Circuit Court of Appeals by the office of the clerk of court. In light of the order from the United States Court of Appeals for the Third Circuit (Doc. 126), which transferred this case back to this court, the motion will now be addressed.

**II.** **Discussion**

Carey's petition alleges various claims of incompetency of trial counsel. The petition will be given preliminary review pursuant to Rule 4 governing section 2255 proceedings to determine if Petitioner is entitled to relief. Based on this review, the court determines that Carey is not entitled to relief as his request is untimely.

Carey's judgment of conviction was entered on September 3, 2009. Pursuant to Rule 4(b)(1)(A)(I) of the Rules of Appellate Procedure, Carey had fourteen (14) days to file a notice of appeal. No appeal was filed, so the judgment

---

[1] In that memorandum (Doc. 121), this court stated that "to the extent that [the] motion should be interpreted to be a motion filed pursuant to 28 U.S.C. § 2255," it was dismissed as untimely. However, the motion (Doc. 119) was not dismissed as a second or successive motion (*see* Doc. 121 n.1). No notice was given pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003) because this court did not dismiss the case as a recharacterization of his Rule 60(b) motion – that motion was addressed as a Rule 60(b)(1) and (b)(6) motion.

became final on September 18, 2009.  Thus, pursuant to 28 U.S.C. § 2255(f)(1), Carey had one year from that date to file a motion pursuant to 28 U.S.C. § 2255.

Carey infers that he was not aware that his counsel did not file a direct appeal.  However, in a letter from this court to Carey, he was advised that no direct appeal had been filed (Doc. 79, dated March 30, 2010).  Thus, his § 2255 petition should have been filed by March 30, 2011.  Thus, it is this court's opinion that the petition filed on October 10, 2014 is untimely by approximately two years and seven months.

The motion will be denied.  An appropriate order will be issued.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated:  June 16, 2015.