IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:08-cr-435** |
| **v.** | : | |
| **DAMON TODD CAREY** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is a motion for reduction of sentence to time served, or in the alternative a resentencing hearing, under Section 404 of the First Step Act, filed by Damon Carey ("Carey"). (Doc. 157.) For the reasons that follow, the court will grant Carey's motion and sentence him to time served.

### I.     Background

In 2008, a grand jury returned an Indictment charging Carey with: conspiracy to distribute and possess with intent to distribute and dispense 50 grams and more of a mixture containing cocaine base from September 1, 2007, through March 8, 2002, in violation of 21 U.S.C. § 846 (Count 1); distribution and possession with intent to distribute 50 grams and more of crack cocaine from September 1, 2007, through March 8, 2008, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), as well as aiding and abetting this conduct, in violation of 18 U.S.C. § 2 (Count 2). In April 2009, pursuant to a plea agreement, Carey pleaded guilty to Count 2. At the time, the statutory penalty for 50 grams of crack cocaine under 21 U.S.C. §

841(b)(1)(A)(iii) was a mandatory term of imprisonment of 10 years and a maximum term of imprisonment of life, with a minimum term of supervised release of 5 years.

The Probation Office used the 2008 edition of the Guidelines Manual to calculate Carey's advisory guideline range. (*See* Presentence Investigation Report ("PSR") at ¶ 17.) The Probation Office found Carey responsible for 107.97 grams of cocaine base, 2.86 grams of cocaine hydrochloride, 1.25 grams of Alprazolam and 436.53 grams of marijuana, which converted to 2,160.4 kilograms of marijuana with a base offense level of 30. (*See* PSR ¶ 18.) The Probation Office determined that a two-level enhancement under the Guidelines applied because a dangerous weapon was possessed and that Carey was entitled to a three-level reduction for acceptance of responsibility, leading to a total offense level of 29.[1] (*See* PSR ¶¶ 19, 24, 27.) Carey was assessed 10 criminal history points, leading to a criminal history category of V. Based on an offense level of 29 and a criminal history category of V, the advisory guideline range was set at 140 to 175 months.[2] (*See* PSR ¶ 55.) At sentencing on September 2, 2009, the court varied downward and sentenced Carey to the mandatory minimum term of 120 months incarceration, followed by 5 years of supervised release.

---

[1] Following Amendment 782, Carey's offense level would be 23.

[2] Today, a total offense level of 23 and a criminal history of V would result in an advisory Guideline range of 84 to 105 months.

In May 2017, Carey completed his federal sentence and began supervision, but in April 2018, law enforcement authorities arrested Carey, alleging that he violated the terms of his supervision. At a revocation hearing held on June 19, 2018, the court found "a grade A violation, that he was on supervised release for a class A felony, and that the guideline range was 46 to 57 months." (Doc. 150 at 39.) The court revoked Carey's term of supervision, imposing a sentence of 46 months. (*See* Doc. 145; Doc. 150 at 39.)

In August 2019, Carey filed a *pro se* Section 2255 motion, alleging that he is entitled to relief under the First Step Act. (Doc. 154.) He also moved to expedite. (Doc. 156). By Standing Order 19-01, the Court appointed the Federal Public Defender's Office to represent Carey. (Doc. 155.) On September 9, 2019, the Federal Public Defender's Office filed the instant motion together with a brief in support. (Docs. 157-158.) The Government responded on September 17, 2019 (Doc. 159), and a reply was filed on October 1, 2019 (Doc. 160). Accordingly, the motion is ripe for disposition.

## II. Discussion

At the time Carey was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of crack cocaine, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of crack

3

cocaine. However, in 2010, Congress enacted the Fair Sentencing Act ("FSA"), which reduced penalties for offenses involving crack cocaine by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, to trigger the 10-years-to-life sentencing range, the offense must involve more than 280 grams of crack cocaine, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of crack cocaine.

In the instant motion, Carey seeks a sentence reduction to time served based on the First Step Act, which was passed on December 21, 2018. As relevant here, Section 404 of the First Step Act allows a court to reduce a defendant's sentence by applying the FSA retroactively. A court may impose a reduced sentence "as if sections 2 and 3 of the [FSA] were in effect at the time the covered offense was committed." FSA § 404(b). This provision grants discretion to the sentencing court but does not require the court to reduce the sentence of an eligible defendant.

The parties do not dispute that Carey is entitled to relief under the First Step Act—indeed, he was convicted of a covered offense, sentenced when the pre-FSA statutory penalties were still in effect, and continues to serve a sentence that has not already been reduced to post-FSA levels. The Fair Sentencing Act reduced Carey's crack cocaine offense from a class A felony to a class B felony, punishable by

imprisonment of no less than 5 years and no more than 40 years. *See* 18 U.S.C. § 3559(a)(2). As a class B felony, the maximum term of imprisonment for a supervised release violation is 36 months imprisonment. *See* 18 U.S.C. § 3583(e)(3). Thus, following the First Step Act, Carey's Guideline range for the supervised release violation are accordingly reduced from 46 to 57 months imprisonment to 30 to 36 months imprisonment, capped at the statutory maximum.

Because Carey is serving a sentence beyond the statutory maximum, the parties agree that he is eligible for relief under the act. The parties disagree, however, over the appropriate reduction of his sentence. Carey seeks a sentence of time served while the Government requests that he be sentenced at the top of the adjusted guideline range to 36 months.

Carey's conviction for distribution and possession with intent to distribute 50 grams or more of crack cocaine subjected him to a statutory range of 10 years to life imprisonment. The court sentenced him to the mandatory minimum and he completed that sentenced in May 2017. However, in the ensuing decade since Carey was sentenced, the FSA would have reduced his mandatory minimum to 5 years, but for the fact that the FSA was not made retroactive until December 21, 2018 with the ratification of the First Step Act. Because Carey did not receive the benefit of the

FSA during his incarceration on his initial sentence, the court will reduce his sentence on his supervised release violation to time served.[3]

                                                   s/Sylvia H. Rambo
                                                   Sylvia H. Rambo
                                                   United States District Judge

Dated: November 20, 2019

---

[3] In reaching this decision, the court has considered that Carey is subject to a detainer based on a new criminal case, No. 1:18-cr-263, and therefore a reduction to time served will not lead to his immediate release.

6